**AFFIRM; and Opinion filed April 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01325-CR

**SERGIO PARAMO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

### On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1153228-M

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lewis

A jury found appellant Sergio Paramo guilty of continuous sexual abuse of a child and assessed his punishment at life imprisonment. Appellant raises six issues in this Court, arguing the trial court erred by naming the incorrect outcry witness, denying appellant's motion to quash, admitting certain expert testimony, and denying appellant's confrontation objection to the admission of certain medical records offered by the State. Appellant also challenges the sufficiency of the evidence supporting his conviction. Because the issues in this appeal involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. The factual and procedural history are known to the parties, so we do not recite them in detail. For the reasons discussed below, we overrule appellant's issues and affirm the trial court's judgment.

**Background**

The complaining witness, E.O., was eleven years old at the time of trial. She testified that appellant—sometimes referred to in the record as her uncle and sometimes as her aunt's boyfriend—had first abused her when she was eight years old and in the third grade. She described this incident, testifying that appellant touched her vagina, her anus, and her breasts with his hand.[1] She said this incident occurred when she was alone with appellant in the trailer where he lived with E.O.'s family and her aunt's family. E.O. testified to other incidents during the time she lived at the trailer: at least two of these incidents involved appellant orally penetrating E.O.'s vagina, and one involved penetration of E.O.'s vagina and anus by appellant's penis.

E.O.'s family subsequently moved to an apartment complex, and her trial testimony included descriptions of sexually abusive conduct that occurred during that later time frame.[2] E.O. described one day when appellant penetrated her vagina and her anus with his penis and then forced her to touch and stroke his penis with her hand until he ejaculated. After that, she testified, appellant penetrated her vagina and her anus multiple times, on different days, while she lived in the apartment. She also described repeated oral penetrations by appellant during this period of time.

E.O.'s chronology of events was not always clear and consistent. She testified once, for example, that the abusive conduct began when she was eight and ended when she was nine. But she also testified the abuse began when she was nine and lasted until she was ten. Nor was she always consistent as to whether certain events took place in the trailer or in the apartment.

---

[1] Although E.O. used childlike euphemisms for parts of the body (e.g., "front part" and "back part"), the State employed a diagram to allow the witness to identify with certainty the parts of the body we address in this opinion.

[2] When E.O.'s family moved, appellant and E.O.'s aunt's family moved to a second apartment in the same complex. E.O.'s testimony suggests the acts of sexual abuse occurred in both apartments.

E.O. testified she never told anyone what appellant was doing to her because appellant threatened her with harm if she did. E.O. finally told her mother that appellant had "touched" and "abused" her only after her mother discovered appellant had given E.O. money, and her mother demanded to know why. E.O.'s mother immediately took E.O. to Children's Medical Center to be examined. E.O. and her mother gave the examining doctor, Dr. Ellie Wolovits, a medical history that included a statement of one event of appellant's penetration of E.O.'s vagina. Based on that history, E.O. underwent a physical exam and forensic evidence was collected and analyzed.

Shortly thereafter, E.O. was interviewed at the Dallas Child Advocacy Center by a forensic interviewer named Yesenia Gonzalez. Gonzalez testified at trial—over appellant's objection—as the outcry witness. She testified to three separate incidents that E.O. had reported to her during the interview. According to E.O., one took place at the trailer, and two took place at the apartment. The third incident was the most recent, having occurred during the month before the interview, right after E.O.'s tenth birthday. All three incidents, as E.O. described to Gonzalez, involved penetration of E.O.'s vagina and anus by appellant's penis.

Appellant was charged with continuous sexual abuse of a child. The jury found him guilty and assessed his punishment at life imprisonment. He appeals.

### Sufficiency of the Evidence

In his sixth issue, appellant challenges the sufficiency of the evidence supporting his conviction. The State was required to prove that (1) during a period that was thirty days or more in duration, (2) appellant committed two or more acts of sexual abuse, (3) when appellant was seventeen years of age or older, and (4) when his victim was a child younger than fourteen years

–3–

of age.  TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2013).[3]  Appellant contends the State failed to prove any of these elements except his own age.  In reviewing a challenge to the legal sufficiency of the evidence, we examine the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Appellant's sufficiency argument is actually a credibility argument.  He points to apparent contradictions and conflicts in E.O.'s testimony concerning the nature of appellant's abusive acts, their number, and when and where they occurred.  He asks us, on the basis of those contradictions and conflicts, to reverse the trial court's judgment.  But it is the jury's role to resolve conflicts in the evidence and to assess credibility, not ours.  *See Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) ("The factfinder exclusively determines the weight and credibility of the evidence.").  Appellant acknowledges E.O. testified—albeit using childlike terminology—that appellant penetrated her sexual organ and her anus with his penis, and that he did so multiple times.  This was evidence of two or more sexual acts within the meaning of the statute.  *See* TEX. PENAL CODE § 22.011(a)(2)(A) (sexual assault committed if person intentionally or knowingly "causes the penetration of the anus or sexual organ of a child by any means").  E.O. testified further that appellant committed these acts, and other abusive acts, starting when she was eight years old, and she testified the final act occurred right around her tenth birthday.  This testimony addressed both the victim's age and the more-than-thirty-days requirement of the statute.  Thus, the jury heard evidence on each of the challenged elements of the offense.

---

[3] The statute defines "act of sexual abuse" to include any act that violates penal law sections 21.11(a)(1) (indecency with child other than touching breast of child), 22.011 (sexual assault), and 22.021 (aggravated sexual assault).  TEX. PENAL CODE ANN. § 21.02(c)(2–4).

Appellant also asks us to consider his evidentiary issues (discussed below) in making our sufficiency determination. However, even if we were to conclude the challenged evidence was erroneously admitted, it would not change our analysis under this issue. We review a sufficiency point by looking at *all* the evidence that was before the jury, whether admissible or not. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

When we look at all the evidence that was before the jury in the light most favorable to the verdict, it is apparent that E.O. provided ample testimony to establish she was under fourteen years of age and that appellant committed a series of acts of sexual abuse over a period longer than thirty days. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2013); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd) ("The testimony of the child victim alone is sufficient to support a conviction for sexual assault."). We conclude a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

We overrule appellant's sixth issue.

## Outcry Witness

In appellant's first issue, he contends the trial court erred by designating Gonzalez as E.O.'s outcry witness, when E.O. had given information concerning her allegations to other witnesses first. Specifically, appellant contends the proper outcry witness was either the child's mother or the doctor who first examined the child. The State responds that E.O. did not give sufficient information to anyone other than the forensic interviewer to establish the appellant's conduct satisfied the elements of continuous sexual abuse, i.e., that during a time period of thirty days or more, two or more acts of sexual abuse took place. We review the trial court's designation of an outcry witness for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex. Crim. App. 1990).

The out-of-court statement of a child abuse victim is admissible from the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a). The statute requires more than a general allusion to child abuse by the victim. *See Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). A victim may well make a general statement of abuse or give rudimentary facts about how she was hurt to various individuals, but the outcry witness is properly the first person "to whom the child makes a statement that in some discernible manner describes the alleged offense." *Id.* In this case, E.O. made general allegations of abuse to her mother and gave a description of a single sexual act to the doctor who first examined her. It was not until she spoke to the forensic interviewer that E.O. made all of her allegations and that it became clear the sexual abuse involved multiple incidents, over an extended period of time. Thus, under these circumstances, we cannot conclude the trial court erred in determining Gonzalez was the appropriate outcry witness. *See id.*; *see also Ramirez v. State*, No. 05-10-00139-CR, 2011 WL 1549560, at *2 (Tex. App.—Dallas April 26, 2011, pet. ref'd).

We overrule appellant's first issue.

## Motion to Quash

In two of his six issues, appellant contends the trial court erroneously denied his motion to quash his indictment. We review de novo a trial court's decision to deny a motion to quash an indictment. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). We address appellant's arguments in turn.

### *Lack of Unanimity*

In his third issue, appellant asserts the trial court should have quashed the indictment because the continuing-abuse statute expressly allows him to be convicted by a jury that does not agree unanimously on which offenses he committed. *See* TEX. PENAL CODE ANN. § 21.02(d)

("[m]embers of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant"). However, this issue has been addressed and resolved contrary to appellant's position. *See, e.g., Render v. State*, 316 S.W.3d 846, 857–58 (Tex. App.—Dallas 2010, pet. ref'd); *Jacobsen v. State*, 325 S.W.3d 733, 739 (Tex. App.—Austin 2010, no pet.). Appellant acknowledges that the law is against him on this point, but he contends the cases are wrongly decided, and he asks us to reconsider our opinions to the contrary.

Our state constitution requires jury unanimity in all felony cases. *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005); *see* TEX. CONST. art. V, § 13. This means that each juror must agree that the defendant committed the same specific criminal act. *Ngo*, 175 S.W.3d at 745. The jurors must unanimously agree on each element of the crime charged, but they need not agree on all the underlying facts that make up a particular element. *Id.* When alternative manners and means of committing an offense are submitted to a jury, it is appropriate for the jury to return a verdict of guilty so long as the evidence supports a conviction under any one of them. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

The two acts of abuse required by section 21.02 are not separate elements of the offense upon which the jury must agree: the element that must be proved is that the defendant committed two or more such acts. *See Render*, 316 S.W.3d at 857. Each act of sexual abuse is a possible manner and means by which the offense could have been committed. Thus, the jury does not need to agree unanimously on which specific acts occurred. *Id.* So long as the jury unanimously found that appellant committed two or more of the alleged acts of sexual abuse during a period that is thirty days or longer in duration, his right to a unanimous jury verdict was not violated. *See Jacobsen*, 325 S.W.3d at 739.

We overrule appellant's third issue.

*Lack of Notice*

In his second issue, appellant argues his indictment should have been quashed because it failed to give him adequate notice. Specifically, appellant complains the indictment did not identify a time period greater than thirty days in duration, during which he was alleged to have committed the acts of sexual abuse. The indictment charges that appellant committed multiple named acts of sexual abuse "[o]n or about the 1st day of September A.D., 2009, . . . during a period that was 30 or more days in duration . . ."

Settled law holds an indictment need not specify the precise date when a charged offense occurred. *See Garcia v. State*, 981 S.W.2d 683, 685–86 (Tex. Crim. App. 1998). And the statute defining the offense of continuing sexual abuse of a child specifically states that members of the jury are not required to agree unanimously on the exact date when the abusive acts were committed. TEX. PENAL CODE ANN. § 21.02(d). We have already confirmed that a jury need not agree on the same abusive acts committed by a defendant; what is necessary is that jurors agree unanimously that the defendant committed two or more acts of sexual abuse. Likewise, the jury need not agree on the same dates when acts of sexual abuse occurred; what is necessary is that they agree unanimously that the two or more acts were committed during a period that is thirty or more days in duration. *Id.* The element of the offense that must be proved by the State is this last requirement: that the defendant committed the acts within a thirty-or-more day period. The State included that element of the offense in its indictment. We conclude the indictment was not defective for failing to identify a particular time period; the trial court did not err in denying appellant's motion to quash.

We overrule appellant's second issue.

## Admissibility of Expert Testimony

In his fourth issue, appellant argues the trial court erred in overruling his objection to the testimony of Dr. Gerardo Blanco, E.O.'s treating psychotherapist. We review a trial court's decision to admit evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). Appellant objected below that Blanco's testimony was irrelevant and that it was more unfairly prejudicial than probative. He clarified his objection, arguing the testimony was not relevant for the guilt-innocence portion of the trial because it assumed that E.O. had been abused. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. In the specific case of an expert witness, relevant testimony must be based on the expert's specialized knowledge and must assist the jury in understanding the evidence or determining a fact in issue. TEX. R. EVID. 702. And, of course, evidence that is relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403.

Appellant argues Blanco's testimony was not relevant because it was not tied to the facts of appellant's case. Blanco did not testify as to any specific conversations he had with E.O. However, Blanco did testify that she was in group therapy with him for approximately ten sessions. Blanco described E.O.'s demeanor in therapy and her ability to interact with others in the group. He testified he came up with an individual treatment plan for her. Blanco also gave more general testimony concerning the many ways children make their outcries after abuse, including the issue of delayed outcry. But even that general testimony was "tied to" this case in that the jury would need to evaluate the credibility of E.O.'s outcry, which was itself delayed. We conclude this testimony was sufficiently tied to appellant's case to overcome a relevance challenge.

Appellant also contends Blanco's testimony amounted to an improper bolstering of E.O.'s credibility. Stated differently, appellant argues Blanco's testimony that he was treating E.O., and testifying about that treatment, could lead the jury to assume she was in fact abused. Therefore, he argues, the testimony was not appropriate for the guilt-innocence portion of trial. We disagree. Blanco did not testify that he believed E.O. was truthful. At most Blanco's testimony established that the child was being treated because of her allegations. The fact the child was being treated did not usurp the jury's role to determine if those allegations were true. This argument forms the basis of appellant's rule 403 argument. After reviewing the testimony, we see no danger that the mere fact that E.O. was treated by a therapist would unfairly prejudice appellant.

We conclude the trial court did not abuse its discretion in admitting Blanco's testimony. We overrule appellant's fourth issue.

### Confrontation and Medical Records

Finally, in his fifth issue, appellant argues the trial court erroneously overruled his confrontation objection to State's Exhibit No. 5, which included medical records of E.O.'s examination performed at Children's Medical Center. The State attempted to introduce the records through Dr. Matthew Cox, who was not involved in the examination, but who was qualified as a custodian of records of the hospital's regularly conducted business. Appellant objected that the exhibit denied him the right of confrontation.[4] We review a trial court's decision to admit evidence for an abuse of discretion. *McDonald*, 179 S.W.3d at 576. But as a threshold matter, we review de novo the constitutional question of whether a statement is testimonial within the meaning of the Confrontation Clause of the Sixth Amendment. *Wall v. State*, 184 S.W.3d 730, 742–43 (Tex. Crim. App. 2006).

---

[4] Appellant did not preserve a hearsay objection to the medical records, so we do not address his hearsay arguments.

–10–

We address a Confrontation Clause challenge using a two-part test: (1) whether the defendant had a prior opportunity to cross-examine the absent declarant, and (2) whether the statement at issue is testimonial in nature. *Crawford v. Washington*, 541 U.S. 36, 59 (2004); *Coronado v. State*, 351 S.W.3d 315, 323 (Tex. Crim. App. 2011). In this case, it is undisputed that appellant did *not* have an opportunity to cross-examine the treating physician, Dr. Wolovits. Accordingly, our review of the trial court's ruling turns on whether the medical records were testimonial in nature. Whether a statement is testimonial depends initially on the purpose for eliciting the statement. *Coronado*, 351 S.W.3d at 324. Medical records created for treatment purposes are not testimonial. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 312 n.2 (2009); *Smith v. State*, 05-09-01408-CR, 2011 WL 3278528, at *2 (Tex. App.—Dallas Aug. 2, 2011, pet. ref'd).

In this case, appellant's objection focuses on the portion of the records containing E.O.'s history: the State asked Cox to read that history for the jury, and he did so. Cox had previously testified that the medical history of a patient was "the most important aspect" in determining treatment for the patient. He explained that the patient's history would determine the nature of a doctor's examination and any testing that would be performed. Given the record before us, we conclude the medical records at issue were created for treatment purposes and are not testimonial. *See Smith*, 2011 WL 3278528, at *2. Because the medical records were not testimonial, the trial court did not abuse its discretion in admitting them.

We overrule appellant's fifth issue.

## Conclusion

We have decided all of appellant's issues against him. We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121325F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SERGIO PARAMO, Appellant

No. 05-12-01325-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas

Trial Court Cause No. F-1153228.

Opinion delivered by Justice Lewis.

Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of April, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE