# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00479-CR

**William Thomas Jacobsen, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 63761, HONORABLE JOE CARROLL, JUDGE PRESIDING

## O P I N I O N

A jury found appellant William Thomas Jacobsen guilty of continuous sexual abuse of a child, and the trial court assessed punishment at life imprisonment. *See* Tex. Penal Code Ann. § 21.02 (West Supp. 2009). In two points of error, appellant contends that section 21.02 violates the Texas Constitution's jury unanimity requirement and that the indictment was fundamentally defective. We overrule these contentions and affirm the conviction.

Appellant was the coach of a youth baseball team. Players on the team and their friends would sometimes spend the night at his residence. There was testimony at the trial that appellant would permit the boys to drink alcohol to the point of intoxication. The two complainants testified that during overnight stays in 2007 and 2008, appellant fondled their genitals, placed their penises in his mouth, and penetrated their anuses with his penis. The complainants were twelve and thirteen years old when these acts occurred.

Section 21.02 provides that a person commits an offense if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

*Id*. § 21.02(b).  The statute defines "act of sexual abuse" as:

any act that is a violation of one or more of the following penal laws:

(1) aggravated kidnapping under Section 20.04(a)(4), if the actor committed the offense with the intent to violate or abuse the victim sexually;

(2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child;

(3) sexual assault under Section 22.011;

(4) aggravated sexual assault under Section 22.021;

(5) burglary under Section 30.02, if the offense is punishable under Subsection (d) of that section and the actor committed the offense with the intent to commit an offense listed in Subdivisions (1)-(4); and

(6) sexual performance of a child under section 43.25.

*Id*. § 21.02(c).  An offense under section 21.02 is an aggravated first degree felony punishable by imprisonment for life or for a term of 25 to 99 years.  *Id*. § 21.02(h).

The indictment in this case alleged that between on or about September 1, 2007, and on or about June 7, 2008, appellant:

2

during a period that was 30 days or more in duration, committed two or more acts of sexual abuse, said acts of sexual abuse having been violations of one or more of the following penal laws, namely:

indecency with a child, namely, by touching any part of the genitals of [K.A.K.];

aggravated sexual assault, namely caused the penetration of the anus of [K.A.K.] by the sexual organ of the defendant;

aggravated sexual assault, namely, caused the sexual organ of [K.A.K.] to contact or penetrate the mouth of the defendant;

indecency with a child, namely, by touching any part of the genitals of [J.D.];

aggravated sexual assault, namely, caused the penetration of the anus of [ J.D.] by the sexual organ of the defendant;

aggravated sexual assault, namely, caused the sexual organ of [J.D.] to contact or penetrate the mouth of the defendant;

and, at the time of the commission of each of the acts of sexual abuse, the defendant was 17 years of age or older and [K.A.K.] and [J.D.] were children younger than 14 years of age.

Appellant moved to quash the indictment on several grounds, one of which was that section 21.02 violates the constitutional right to a unanimous jury verdict. Following a hearing, the motion to quash was overruled. Appellant reurged his jury unanimity argument in an objection to the court's jury charge, and he requested that the State be required to elect the specific acts on which it relied for a conviction. The objection and motion for election were also overruled. Appellant brings forward his jury unanimity argument as point of error two.

Under our state constitution, jury unanimity is required in felony cases. *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005); *see* Tex. Const. art. V, § 13. This means that each juror must agree that the defendant committed the same specific criminal act. *Ngo*, 175 S.W.3d at

745. There is, however, a crucial distinction between a fact that is a specific actus reus element of the crime and one that is but the means to the commission of a specific actus reus element. *Id*. at 747. The jurors must unanimously agree on each element of the crime in order to convict, but the jurors need not agree on all the underlying facts that make up a particular element. *Id*. When alternative manners and means of committing an offense are submitted to a jury, it is appropriate for the jury to return a general verdict of guilty if the evidence supports a conviction under any one of them. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

There are two components to jury unanimity analysis. *Jefferson v. State*, 189 S.W.3d 305, 311-14 (Tex. Crim. App. 2006). The first component is statutory construction. Under the statute as written, what acts are elements of the offense and what acts are merely underlying facts or means? What, in short, did the legislature intend for the jury to be unanimous about? *See Valdez v. State*, 218 S.W.3d 82, 84 (Tex. Crim. App. 2007); *Jefferson*, 189 S.W.3d at 311-12. The second component is due process. The United States Constitution limits a state's power to define crimes in ways that would permit juries to convict while disagreeing about means, at least where that definition risks serious unfairness and lacks support in history or tradition. *Richardson v. United States*, 526 U.S. 813, 820 (1999) (*citing Schad v. Arizona*, 501 U.S. 624, 632-33 (1991)); *see Jefferson*, 189 S.W.3d at 313-14 (discussing *Richarson* and *Schad*); *Ngo*, 175 S.W.3d at 745-47 (same). "[N]othing in our history suggests that the Due Process Clause would permit a State to convict anyone under a charge of 'Crime' so generic that any combination of jury findings of embezzlement, reckless driving, murder, burglary, tax evasion, or littering, for example, would suffice for conviction." *Schad*, 501 U.S. at 633.

4

The legislature left no doubt as to its intent in section 21.02. The statute expressly provides:

> If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jurors must agree unanimously that the defendant, during a period that is 30 days or more days in duration, committed two or more acts of sexual abuse.

Tex. Penal Code Ann. § 21.02(d). Under the plain language of section 21.02, it is the commission of two or more acts of sexual abuse over the specified time period—that is, the pattern of behavior or the series of acts—that is the actus reus element of the offense as to which the jurors must be unanimous in order to convict. The individual acts of sexual abuse that make up this pattern of behavior or series of acts are not themselves elements of the offense, but are merely evidentiary facts, the manner and means by which the actus reus element is committed. When there is evidence of more than two acts of abuse over the specified time period, section 21.02(d) makes it clear that the jurors need not agree as to which individual acts were committed so long as they agree that the defendant committed at least two.[1]

Because the statute is clear, the question becomes whether it is consistent with due process for the legislature to criminalize a pattern of conduct consisting of the commission of two or more sexually abusive offenses over a period of time without requiring the jury to unanimously agree

---

[1] In this case, the trial court's jury charge included an instruction on unanimity that paraphrased section 21.02(d). Then, in applying the law to the facts, the court authorized appellant's conviction if the jury found that he committed two or more of the acts of sexual abuse alleged in the indictment, with no requirement that the jurors agree as to which acts he committed. Appellant does not contend that the evidence is insufficient to support his conviction pursuant to this charge.

about the individual offenses the defendant committed. Decisions about what facts are necessary to constitute a crime, and therefore must be proved individually, and what facts are mere means represent value choices more appropriately made in the first instance by a legislature than by a court. *Schad*, 501 U.S. at 638. In translating the due process demand for fairness and rationality into concrete judgments about the adequacy of legislative determinations, we must look both to history and wide practice as guides to fundamental values, as well as to narrower analytical methods of testing the moral and practical equivalence of the different means of satisfying a single element of an offense. *Id*. at 637. There is a threshold presumption of legislative competence to determine the appropriate relationship between means and ends in defining the elements of a crime. *Id*. at 637-38. We presume that the legislature did not act unreasonably or arbitrarily, and that it had due regard for constitutional requirements. *See Frieling v. State*, 67 S.W.3d 462, 472 (Tex. App.—Austin 2002, pet. ref'd).

In *Richardson*, the Supreme Court construed the federal continuing criminal enterprise statute. 21 U.S.C.A. § 848 (West 1999 & Supp. 2009). Under this statute, a person engages in a continuing criminal enterprise if the person commits a federal drug offense punishable as a felony as part of a "continuing series of [federal drug] violations." *Id*. § 848(c) (West 1999). The question before the Court was whether the statutory phrase "continuing series of violations" described a single element of the offense, namely a "continuing series," of which the individual violations were merely a means of commission, or instead described several elements, namely the several "violations" making up the series. *Richardson*, 526 U.S. at 815. If the former, a jury had to agree unanimously only that the defendant committed a "continuing series" without necessarily agreeing as to each individual violation; if the latter, a jury had to agree unanimously and separately

6

about each of the "violations" the defendant committed. *Id*. The Court held that jury unanimity was required as to each individual violation, citing considerations of language, tradition, and potential unfairness. *Id*. at 819-21.

Like the federal statute at issue in *Richardson*, section 21.02 defines the offense of continuing sexual abuse in terms of multiple violations of other penal laws. Despite this surface similarity, however, *Richardson* does not compel the conclusion that section 21.02 violates due process by failing to require jury unanimity regarding the individual "acts of sexual abuse" committed by the defendant.

First, *Richardson* was a statutory construction opinion, not a due process opinion. The Court stated that the construction of the statute urged by the government, under which unanimity would have been required only as to the existence of the "continuing series" and not as to the individual violations, would have "come close to" and "test[ed]" constitutional limits, *id*. at 820, but the Court did not squarely hold that this construction would have violated those limits.

Second, and more importantly, the Supreme Court acknowledged in *Richardson* the state statutes and court rulings permitting convictions for continuing courses of child sexual abuse without jury agreement as to the specific underlying acts. *Id*. at 821. The Court observed that in crimes involving sexual abuse of children, "state practice may well respond to special difficulties of proving individual underlying criminal acts." *Id*. Section 21.02 appears to have been a response to such difficulties. In *Dixon v. State*, a prosecution for aggravated sexual assault of a child, the complainant testified that the defendant had sexually assaulted her in a substantially similar manner one hundred times over a period of months. 201 S.W.3d 731, 732 (Tex. Crim. App. 2006). The court of appeals had concluded that the trial court erred by denying the defendant's motion for the

7

State to elect the specific incident it relied on to convict, and the issue before the court of criminal appeals was the proper harm analysis. *Id*. at 733. In a concurring opinion, one of the judges warned that "[w]e are headed for a train wreck in Texas law because our bedrock procedural protections cannot adapt to the common factual scenario of an ongoing crime involving an abusive sexual relationship of a child under current penal provisions." 201 S.W.3d 731, 737 (Tex. Crim. App. 2006) (Cochran, J., concurring). The judge suggested that "a new penal statute that focuses upon a continuing course of conduct crime—a sexually abusive relationship that is marked by a pattern or course of conduct of various sexual acts" might "assist in preserving our bedrock criminal-procedure principles of double jeopardy, jury unanimity, due-process notice, grand-jury indictments, and election law." *Id*. The legislature enacted section 21.02 the following year. The statute falls within that special category of crimes involving sexual abuse of children referred to in *Richardson*.

Finally, section 21.02 differs from the federal continuing criminal enterprise statute by being narrower in scope. The Court noted in *Richardson* that the "violations" that could make up a "continuing series" were found in ninety numbered sections and encompassed crimes of varying degrees of seriousness, ranging from removing a drug label, to endangering human life while manufacturing a controlled substance, to possessing large quantities of controlled substances with intent to distribute. 526 U.S. at 819. The "acts of sexual abuse" defined by section 21.02(c) are found in only six penal statutes, although these statutes sometimes define more than one offense.[2]

---

[2] *See, e.g., Pizzo v. State*, 235 S.W.3d 710, 719 (Tex. Crim. App. 2007) (holding that touching anus and touching genitals are separate offenses under penal code section 22.11(a)(1)); *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999) (holding that each subsection of penal code section 22.021(a)(1)(B) creates separate offense); *Gonzales v. State*, 304 S.W.3d 838, 849

All of the "acts of sexual abuse" involve actual or threatened sexual abuse, assault, or exploitation of children. All of the acts are either first or second degree felonies. All are morally equivalent, and they are largely similar conceptually.[3] *See Schad*, 501 U.S. at 637; *White v. State*, 208 S.W.3d 467, 469 (Tex. Crim. App. 2006); *Jefferson*, 189 S.W.3d at 313.

We conclude, as have courts in other states having similar statutes, that section 21.02 does not violate due process by permitting a conviction based on a jury's unanimous finding that the defendant engaged in a course of conduct consisting of repeated acts of sexual abuse, but without requiring jury unanimity as to the individual acts that made up that course of conduct. *See People v. Cissna*, 106 Cal. Rptr. 54, 68-70 (Cal. Ct. App. 2010); *State v. Sleeper*, 846 A.2d 545, 550-51 (N.H. 2004); *State v. Johnson*, 627 N.W.2d 455, 460-64 (Wis. 2001). Because the jury in this case was required to unanimously find that appellant committed two or more of the alleged acts of sexual abuse, his right to a unanimous jury verdict was not violated. Point of error two is overruled.

In his first point of error, appellant argues that section 21.02 does not plainly dispense with a culpable mental state, that a culpable mental state is therefore required, and that the indictment in this case was fundamentally defective because it did not allege a culpable mental state. *See* Tex. Penal Code Ann. § 6.02(b) (West Supp. 2009). The acts of sexual abuse alleged in the indictment were violations of statutes that themselves require a culpable mental state. *See*

---

(Tex. Crim. App. 2009) (holding that penetration of anus and penetration of sexual organ, although found in same subsection of section 22.021(a)(1)(B), are separate offenses).

[3] Aggravated kidnapping and burglary of a habitation, even if committed with the intent to violate or abuse a child sexually, do not require proof that the child was actually abused. Because this case does not involve either kidnapping or burglary, we need not decide whether the legislature rationally classified these offenses as "acts of sexual abuse" comparable to indecency with a child by contact, sexual assault of a child, aggravated sexual assault of a child, and sexual performance by a child.

*id*. § 21.11(a)(1), (c) (indecency with child), § 22.021(a)(1)(B) (aggravated sexual assault). Whether section 21.02 requires proof of any further culpable mental state, and how the applicable culpable mental state or states should be alleged in the charging instrument, are issues we do not address because appellant did not preserve his complaint regarding the adequacy of the indictment.

A defendant may not complain on appeal of any defect, error, or irregularity of form or substance in an indictment or information if he did not object to the defect, error, or irregularity before trial. Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005). Appellant's pretrial motion to quash did not complain of the indictment's failure to allege a culpable mental state, and this issue was not raised at the hearing on the motion. If the indictment was defective for this reason, appellant forfeited his right to complain by failing to timely object. *See Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990). The allegations in the indictment were clear enough to permit appellant to identify the offense alleged, and thus the indictment was sufficient to confer jurisdiction on the district court. *See Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007). Point of error one is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   June 8, 2010

Publish

11