

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00060-CR

| | | |
|---|---|---|
| Leslie Schrecengost | § | From the 158th District Court |
| | § | of Denton County (F-2010-0665-B) |
| v. | § | February 21, 2013 |
| | § | Opinion by Justice Meier |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bill Meier



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-12-00060-CR**
**NO. 02-12-00061-CR**

LESLIE SCHRECENGOST                                     APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Leslie Schrecengost appeals his convictions for continuous sexual abuse of a young child and indecency with a child in cause F-2010-0665-B and continuous sexual abuse of a young child and sexual assault in cause F-2011-1534-B. In two points, Appellant argues that the trial court erred by

----

[1]*See* Tex. R. App. P. 47.4.

denying his motions to quash the two counts alleging continuous sexual abuse of a young child. We will affirm.

K.D. was born in April 1995. S.B. was born in September 1998. They share the same mother (R.S.) but have different fathers. R.S. never married K.D.'s father, and after divorcing S.B.'s father, R.S. married Appellant, K.D.'s and S.B.'s stepfather. S.B. has a low IQ and is learning disabled.

Appellant began sexually abusing K.D. when K.D. was thirteen years old. K.D.'s first sexual encounter with Appellant occurred after the two smoked marijuana; Appellant told K.D. that he would have to have sex with him if he wanted more marijuana. Between April and November 2008, Appellant penetrated K.D.'s anus with his penis more than five times and had K.D. perform oral sex on him. After November 2008, when the family moved to a different address, Appellant performed anal sex on K.D. over ten more times. Appellant told K.D. that he would kill him if he told anyone about the sexual abuse.

Appellant also sexually abused S.B. before and after the family's move in November 2008. He penetrated her anus with his penis "a lot" and penetrated her sexual organ and mouth with his penis. Appellant also touched S.B.'s breasts and had her masturbate him. Appellant made S.B. "pinky promise" not to tell R.S. S.B. told K.D. about Appellant's sexual abuse sometime during the summer or fall of 2009 and later notified authorities at school. K.D. outcried at a later date.

3

Count II of the indictment in cause F-2010-0665-B stated in relevant part as follows:

> [T]hat [Appellant], during a period that was 30 days or more in duration, to-wit:  from on or about the 1st day of October, 2007, through on or about the 1st day of August, 2009, and anterior to the presentment of this Indictment, in the County of Denton and State of Texas did then and there, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse, to-wit: Aggravated Sexual Assault against [S.B.], a child younger tha[n] 14 years of age[.]

Count I of the indictment in cause F-2011-1534-B stated in relevant part as follows:

> [T]hat [Appellant] . . . during a period that was 30 days or more in duration, to-wit:  from on or about the 22nd day of April, 2008 through on or about the 21st of April, 2009, and [a]nterior to the presentment of this indictment, in the county and state aforesaid, did then and there commit two or more acts of sexual abuse, to-wit: Aggravated Sexual Assault against [K.D.], and at the time of the commission of each of those acts of sexual abuse, the defendant was at least 17 years of age, and [K.D.] was a child younger than 14 years of age, and not the spouse of the defendant[.]

The trial court denied Appellant's motions to quash both counts.  After the jury convicted Appellant of all four indicted offenses, Appellant pleaded true to the enhancement allegations and the trial court sentenced him to life imprisonment for each of the four convictions.

In two points, Appellant argues that the trial court erred by denying his motions to quash the continuous-sexual-abuse-of-a-young-child counts because they failed to provide him with adequate notice of the allegations against him. Specifically, he contends that because the State alleged that he committed

4

sexual abuse against K.D. and S.B. by committing aggravated sexual assault, and because there are a number of means by which a person may commit aggravated sexual assault against a child as defined by penal code section 22.021(a)(1)(B), the State should have alleged with specificity "who did what to whom." Appellant directs us to a few cases in which the indictments involved therein not only tracked the language of the continuous-sexual-abuse-of-a-young-child statute but also set out the specific acts of sexual abuse allegedly committed by the defendant, and he argues that error occurred here because the indictments do not contain the same level of specificity. *See Jacobsen v. State*, 325 S.W.3d 733, 736 (Tex. App.—Austin 2010, no pet.); *State v. Espinoza*, No. 05-09-01260-CR, 2010 WL 2598982, at *8 (Tex. App.—Dallas June 30, 2010, pet. ref'd) (not designated for publication).

An accused is guaranteed the right to be informed of the nature and cause of the accusations against him in all criminal actions. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). This mandate requires that the charging instrument convey adequate notice from which the accused may prepare his defense. *Moff*, 154 S.W.3d at 601. Generally, a charging instrument that tracks the language of a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense. *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996). But when a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it neglects

5

to identify which of the statutory means it addresses. *Id.*; *see State v. Barbernell*, 257 S.W.3d 248, 251 (Tex. Crim. App. 2008). Nonetheless, the constitutional requirement of sufficient notice may be satisfied by means other than the language in the charging instrument. *Smith v. State*, 297 S.W.3d 260, 267 (Tex. Crim. App. 2009), *cert. denied*, 130 S. Ct. 1689 (2010); *Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003). When a motion to quash is overruled, a defendant suffers no harm unless he did not, in fact, receive notice of the State's theory against which he would have to defend. Tex. Code Crim. Proc. Ann. art. 21.19 (West 2009) ("An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant."). We review de novo a trial court's ruling on a motion to quash an indictment. *See Moff*, 154 S.W.3d at 601.

A person commits continuous sexual abuse of a young child if

> (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

> (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

Tex. Penal Code Ann. § 21.02(b) (West Supp. 2012). "[A]ct of sexual abuse" means any act that is a violation of, among other things, aggravated sexual assault under penal code section 22.021. *Id.* § 21.02(c)(4). A person commits

6

aggravated sexual assault if (1) the person intentionally or knowingly (i) causes the penetration of the anus or sexual organ of a child by any means; (ii) causes the penetration of the mouth of a child by the sexual organ of the actor; (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; (iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or (v) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor; and (2) the victim is younger than fourteen years of age. *Id.* § 22.021(a)(1)(B), (a)(2)(B) (West Supp. 2012). Thus, the penal code identifies several alternative means of committing aggravated sexual assault.

Here, the indictments tracked the language of section 21.02, and the State provided Appellant with notice of the specific acts of sexual abuse allegedly committed by Appellant against K.D.—causing K.D.'s anus and mouth to contact Appellant's sexual organ—when it (1) filed a notice of K.D.'s statements pursuant to article 38.072 and (2) noticed Appellant regarding its intent to offer evidence of prior convictions and other crimes, wrongs, or acts. The State additionally provided Appellant with notice of the specific acts of sexual abuse allegedly committed by Appellant against S.B.—causing S.B.'s sexual organ, anus, and mouth to contact Appellant's sexual organ—when it filed a second amended notice of intent to offer evidence of prior convictions and other crimes, wrongs, or acts. Accordingly, we hold that the indictments, along with the State's pretrial

7

filings detailing Appellant's sexual abuse of K.D. and S.B., were sufficient to give Appellant notice of the nature and cause of the accusations against him and to allow him to prepare a defense. *See, e.g.*, *Kellar*, 108 S.W.3d at 313–14 (considering documents filed pretrial by State and holding that appellant had constitutionally adequate notice); *Choat v. State*, No. 05-08-01037-CR, 2009 WL 4878979, at *2–3 (Tex. App.—Dallas Dec. 18, 2009, no pet.) (not designated for publication) (same). We overrule Appellant's first and second points and affirm the trial court's judgments.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 21, 2013