77,209-02

IN THE 213TH JUDICIAL DISTRICT COURT OF
TARRANT COUNTY, TEXAS

EX PARTE                                    §         CAUSE NO. C-213-009855-1188050-B
                                            §
                                            §
                                            §         RETURNABLE TO THE COURT OF CRIMINAL
                                            §
MARTIN HENRIQUEZ                            §         APPEALS OF TEXAS, AT AUSTIN.

## OBJECTIONS TO THE COURT'S FINDINGS OF
## FACT AND CONCLUSIONS OF LAW

Martin Henriquez ("Applicant") filed a writ of habeas corpus in the above-named Court. Following the State's proposed findings of fact and conclusions of law, the Court recommended that relief be denied. Applicant now objects to the Court's recommendation. See Court's July 13, 2015, order.

1.   **Objection to the Court's findings on grounds one through four, seven and eight:**

With the exception of grounds five and six the Court has failed to make independent findings on each of Applicant's grounds for relief, instead deferring to counsel's opinion and strategy. The presumption of reasonable trial strategy is at its strongest on direct appeal when the record cannot be developed. EX PARTE TORRES, 943 S.W.2d 469, 475(Tex.Crim.App.1997). In a collateral proceeding, and in making an assessment on whether or not counsel rendered deficient performance, the Court must first determine whether the claimed deficiencies, involving constitutional and statutory provisions, did or did not occur.

For example, if counsel failed to object to hearsay testimony, the Court must first determine whether or not the testimony was infact hearsay. STRICKLAND V. WASHINGTON, 466 U.S. 668, 687(1984). The reviewing Court could dispense with the performance prong of Strickland's two prong analysis only if it determines that, even if true, the habeas applicant was not prejudiced by counsel's failure to object. Id. at 697. If it is evident that there is

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 31 2015

Abel Acosta, Clerk

1

a reasonable probability that the habeas Applicant was prejudiced then the Court must make an unequivocal finding on the underlying claimed deficiency. In such a situation it is never proper for the Court to simply accept counsel's explanation that "it was my opinion based on my strategy." Id. at 691: Counsel must conduct reasonable investigations or make a reasonable "decision" that makes particular investigations unnecessary. It is not enough for counsel "to say" that it was his opinion [or decision] to take or not to take a particular course of action. Counsel must articulate in a collateral proceeding what his strategy was. For example, in the above example involving hearsay testimony, counsel must either demonstrate that the testimony was not hearsay, or he must explain why he believed that it would be beneficial to forego objecting to the admission of such. The reviewing Court must then determine if counsel's conduct was reasonable under prevailing professional norms. Id. at 686. Regarding grounds one through four, seven and eight, the Trial [habeas] Court failed to make independent findings, instead deferring to counsel's unarticulated opinion and strategy. This writ application should be remanded for an evidentiary hearing.

2.    Objection to the Court's findings on grounds five and six:

Regarding Applicant's ground five: In his June 25, 2013, affidavit counsel said "Based upon my review of the indictment, experience and trial strategy, counsel did not see any reason to file such motions"(sic).

In support of counsel's assertions, the State, relying on ALBA V. STATE, 905 S.W.2d 581, 585(Tex.Crim.App.1995), believed that indecency with a child ("IWC") is merely an aggravating feature of continuous sexual abuse of a child ("CSAC"); and therefore that the indictment need not set forth the elements of IWC. The State misapplies ALBA.

Applicant first notes that ALBA spoke to the enhancing features of

2

an underlying offense used to elevate—specifically—the offense of "murder" to "capitol murder." IWC is not an "aggravating element" of CSAC. IWC (i.e., the offenses listed under Texas Penal Code §21.11) is a specific actus reus element of CSAC. In other words, a finding by the jury in Applicant's case that Applicant did not commit IWC against one of the two alleged victims would have resulted in an acquittal on the charge of CSAC. Conversely, in ALBA, a finding by the jury that ALBA had not committed (or attempted to commit) the underlying burglary would have left intact the offense of murder. Counsel's experience and strategy will never trump reality.

In JACOBSEN V. STATE, 325 S.W.3d 733, 736(App. 3 Dist. 2010), a case involving CSAC, the indictment read, in pertinent part:

> [Jacobsen]..."during a period that was 30 days or more in dura-tion, committed two or more acts of sexual abuse, said acts of sexual abuse having been violations of one or more of the following Penal laws, namely: indecency with a child, namely, by touching any part of the genitals of [K.A.K.]...indecency with a child, namely, by touching any part of the genitals of [J.D.]."

Note that "touching the genitals" is one of the many offenses listed under §21.11 of the Texas Penal Code ("TPC").

This claim concerns the efficacy of the indictment, not the charge to the jury. As argued in Applicant's supporting Memorandum (at 23), it is not sufficient to say that the accused knew with what offense he was charged; the inquiry must be whether the charge [indictment], in writing, furnished that information in plain and intelligible language. Id. As noted in Applicant's Memorandum, §21.11 of the TPC contains many offenses—not many ways to commit the same offense. Constitutionally sufficient notice entails setting forth [again, in the indictment] the elements of the charged offense; in this case, the exact offense or offenses charged under §21.11.

3

Regarding ground six: Neither counsel nor the State has given an appropriate response explaining why it is permissible for the indictment (again, not the jury charge) to omit the requirements of intent. Applicant submits that, the omission of the language "with the intent to arouse or gratify the sexual desire of," in this case, the defendant, resulted in an indictment that failed to charge an offense. WESLEY V. STATE, 548 S.W.2d 37(Tex.Crim.App. 1977): Failure to specifically allege that the sexual conduct occurred with "the intent to arouse or gratify the sexual desire of any person constitutes reversible error, regardless of whether a motion to quash is filed." And see STUDER V. STATE, 799 S.W.2d 263, 272-73(Tex.Crim.App. 1990): Indictment and information are sufficient...lest they fail as charging instruments...."

In order to sustain a conviction for CSAC in Applicant's case, the jury had to find that Applicant committed the act of IWC against each victim. Because Applicant's indictment only charged him (under TPC §21.02) with "IWC" against each victim, the jury, specific to Applicant's case, had to be unanimous as to each charge and as to the actus reus elements of each charge. In order to meet the requirements of notice (Texas Code of Criminal Procedure Article 21.03) the State was required to plead, in the indictment, "how" Applicant committed the offense(s) of IWC. Because TPC §21.11 (a)(1)(referencing TPC §21.02[2]) criminalizes three separate types of conduct, then, as in Jacobsen, supra, the State could have charged Applicant with three counts of IWC against each alleged victim. See, for example, PIZZO V. STATE, 235 S.W.3d 711, 717-18 (Tex.Crim.App.2007). Under TPC §21.11 (a)(2)(A)&(B), the State could have also charged Applicant with two different offenses of indecent exposure. In all, the State could have charged Applicant with five(5) different offenses under the IWC statute (§21.11). Instead, leaving Applicant (and his attorney) to guess at the indictment's meaning, the State obliquely

4

charged Applicant with IWC, without including any of the elements for any of the offenses under §21.11.

It is irrelevant that the charge to the jury instructed the jury on all possible scenerios under §21.11; "notice" does not come from the court's charge to the jury, it comes from the face of the indictment. RINEY V. STATE, 28 S.W.3d 561, 565(Tex.Crim.App.2000). And see CURRY V. STATE, 30 S.W.3d 394, 398(Tex.Crim.App.2000)(When statute defines manner or means of commission in several alternative ways, indictment will fail for lack of specificity if it neglects to identify which of the statutory means it addresses.).

Referring again to JACOBSEN V. STATE, 325 S.W.3d at 736, Jacobsen was charged [in the indictment] with three different offenses against each victim. The elements[for each offense] were set forth in the indictment; hence, there was sufficient notice of the offenses charged. Again, in Applicant's indictment the State merely alleged that Applicant committed the offense of indecency with a child, without alleging "how." The State was free to argue any theory under the sun; i.e., any of the offenses listed under §21.11 of the TPC.

In light of the circumstances a challenge to the indictment would have been sustained; consequently, counsel's explanation is not entitled to the deference embodied within Strickland [v. Washington, 466 U.S. at 690].

3.   Conclusion:

Applicant is entitled to a new trial. At the very least, because the trial [habeas] court made no independent findings of fact, Applicant should be granted an evidentiary hearing.

Martin Henriquez  7-24-15  #1626022.
Daniel Unit: 938 S. Fm 1673
Snyder, Texas 79549

5

## CERTIFICATE OF RECEIPT/CERTIFICATE OF SERVICE

I, Martin Henriquez, TDCJ-ID number 1626022, certify and declare that I received the 213th District Court's order, recommending that relief be denied on my habeas corpus application, on July 22nd, 2015. In accordance with TRAP 73.4 (b)(2) I had ten days to object to the Court's order. Because the tenth day fell on a Saturday (August 1st, 2015), I had until the following business day, i.e., August 3rd, 2015, to get my objections filed.

I further certify that  Ann Katherine Klintmalm of the Swedish consulate hand delivered a copy of my objections to the District Attorney and the District Clerk at 401 West Belknap, Ft. Worth, Texas 76196; and mailed a copy of the same to the Court of Criminal Appeals of Texas at P.O. BOX 12308, Capitol Station, Austin,Texas 78711.

7-27-15



## CONSULATE OF SWEDEN

To whom it concern

Ref. OBJECTIONS TO THE COURT'S FINDINGS OF FACTS AND CONCLUSIONS OF LAW

Applicant: Martin Henriquez Cause No. C-213-009855-1188050-B

TDCJ # 01626022          WRIT 009855      Citizen of Sweden DOB 07/02/1962

On behalf of Mr. Henriquez I am forwarding the letter of OBJECTIONS dated July 24, 2015.

The deadline for the letters of OBJECTIONS is to arrive to the Court within 10 days of the order. In this case the tenth days falls on a Saturday, August 1st; therefore the deadline is the next business day; i.e., August the 3rd.

A copy of the OBJECTIONS letter has been sent to the Embassy of Sweden in Washington D.C., and will be reported to the Foreign Ministry in Sweden.

Dallas, Texas July 30, 2015

Sincerely,

Ann - Kathrine Tina Klintmalm
Vice Consul, Consulate of Sweden, Dallas
dallas@consulateofsweden.org.
Office: 214-521-2312     Mobile: 214-707-0200

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 3 1 2015

Abel Acosta, Clerk

---