

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00435-CR

**EX PARTE** Jorge Alberto **SANDOVAL**

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2018-CRF-000651-D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:          Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: July 28, 2021

AFFIRMED

On June 6, 2018, Jorge Alberto Sandoval was indicted with one count of continuous sexual abuse of a child pursuant to section 21.02 of the Texas Penal Code. Sandoval filed a pretrial application for writ of habeas corpus challenging the constitutionality of section 21.02. The trial court denied relief, and Sandoval now appeals. We affirm.

On appeal, Sandoval argues that subsections (d) and (h) of section 21.02, "working together, unconstitutionally fail to provide [Sandoval] procedural due process protections." Section 21.02(b) provides that a person commits the offense of continuous sexual abuse of a young child or children if (1) during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time of the commission of each of the acts of sexual

abuse, the actor is seventeen years of age or older and the victim is a child younger than fourteen years of age, regardless of whether the actor knows the age of the victim at the time of the offense. TEX. PENAL CODE § 21.02(b). Subsection (d) provides the following:

> If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

*Id*. § 21.02(d). Subsection (h) provides that an "offense under this section is a felony of the first degree, punishable by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years." *Id*. § 21.02(h). Sandoval argues that subsection (h) "increases the stakes to a minimum twenty-five-year sentence and yet [subsection] (d) removes the State's burden to prove certain key events unanimously." According to Sandoval, the "procedure proscribed to the jury does not satisfy procedural due process because the increase in stakes is accompanied by an easing of the State's burden of proving the case instead of an increase in protection."

Sandoval admits in his brief that several appellate courts, including this court, have held that section 21.02 does not violate due process. *See Fulmer v. State*, 401 S.W.3d 305, 310 (Tex. App.—San Antonio 2013, pet. ref'd); *Casey v. State*, 349 S.W.3d 825, 829-30 (Tex. App.—El Paso 2011, pet. ref'd); *Jacobsen v. State*, 325 S.W.3d 733, 736-37 (Tex. App.—Austin 2010, no pet.); *Render v. State*, 316 S.W.3d 846, 857-58 (Tex. App.—Dallas 2010, pet. ref'd). Sandoval distinguishes this authority by arguing that those cases dealt with substantive due process and not procedural due process. According to Sandoval, his claim is based on procedural due process because the "collective procedural effect of subsections (d) and (h)" violate his procedural due process rights under both the United States and Texas Constitutions. That is, he argues that section 21.02(d) and (h) together deprive him of procedural due process because "subsection (d) does not

require jury unanimity as to the crime's 'specific acts,' yet subsection (h) increases the stakes to a twenty-five-year minimum sentence."

"Though textually different, Texas courts generally construe the due course of law provision in the same manner as its federal counterpart, the Due Process Clause." *Lakey v. Taylor*, 435 S.W.3d 309, 317 (Tex. App.—Austin 2014, no pet.). "Both the guarantees of the due course of law provision and the Due Process Clause contain a substantive as well as a procedural component." *Id*.

Substantive due process protects those fundamental rights and liberties that "are, objectively, deeply rooted in America's history and tradition, and implicit in the concept of ordered liberty such that neither liberty nor justice would exist if they were sacrificed." 16C C.J.S. *Constitutional Law* § 1884 (2021); *see Washington v. Glucksberg*, 521 U.S. 702 (1997). "Substantive due process embraces the right of citizens to be free from arbitrary deprivations of liberty or property, and protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." 16C C.J.S. *Constitutional Law* § 1884 (2021). "Substantive due process forbids the government from infringing certain fundamental liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Id*.

"Procedural due process, on the other hand, concerns the constitutionality of the procedures employed to deny a person's life, liberty, or property." *Id*. "[P]rocedural due process rules are meant to protect persons not from deprivation but from mistaken or unjustified deprivation of life, liberty, or property." *Id*. "Accordingly, in a procedural due process claim, it is not the deprivation of property or liberty that is unconstitutional, it is the deprivation of property or liberty *without due process of law* that is unconstitutional." *Id*. (emphasis added). Procedural due process protection ensures that when government action depriving a person of life, liberty, or property

survives substantive due process review, that action is "implemented in a fair manner." *Lakey*, 435 S.W.3d at 317 (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). That is, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*," including notice, the opportunity to be heard, and a decision by a neutral decision-maker. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original); *see also Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (explaining that the essence of procedural due process is the right to notice and an opportunity to be heard). "In contrast, substantive due process 'bars certain arbitrary, wrongful government actions *regardless of the fairness of the procedures used* to implement them.'" *Lakey*, 435 S.W.3d at 317 (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)) (emphasis added).

"A procedural due process analysis is two-tiered." *Ex parte Montgomery*, 894 S.W.2d 324, 327 (Tex. Crim. App. 1995). We first determine "whether a protected liberty or property interest exists." *Id*. If so, we "decide whether sufficient procedural safeguards are employed to assure the deprivation of that interest is not arbitrary." *Id*. "The interest at issue must amount to more than a 'unilateral hope.'" *Id*. The "claimant must show an entitlement." *Id*. "A liberty interest may arise from either the due process clause itself or from state statutes." *Id*. Further, we presume a statute is constitutional, and the defendant bears the burden to establish that the statute is unconstitutional. *Luquis v. State*, 72 S.W.3d 355, 365 (Tex. Crim. App. 2002).

Sandoval argues his procedural due process rights are violated because subsection (h) provides for a minimum twenty-five-year sentence while subsection (d) "lowers the burden of proof."[1] According to Sandoval, the State's burden of proof is lowered because subsection (d) does

---

[1] To the extent Sandoval is making another procedural due process argument, it is not apparent from his brief and would not be adequately briefed. *See* TEX. R. APP. P. 38.1(i).

not require the members of jury "to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact dates when those acts were committed." TEX. PENAL CODE § 21.02(d). Pursuant to subsection (d), the members of the jury need only "agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *Id*.

However, subsection (d) does not "lower the burden of proof." Under the Texas Constitution, jury unanimity is required in felony cases. *See* TEX. CONST. art. V, § 13. "This means that each juror must agree that the defendant committed the same specific criminal act." *Jacobsen*, 325 S.W.3d at 736. "There is, however, a crucial distinction between a fact that is a specific actus reus element of the crime and one that is but the means to the commission of a specific actus reus element." *Id*. "The jurors must unanimously agree on each element of the crime in order to convict, but the jurors need not agree on all the underlying facts that make up a particular element." *Id*. "When alternative manners and means of committing an offense are submitted to a jury, it is appropriate for the jury to return a general verdict of guilty if the evidence supports a conviction under any one of them." *Id*.

"Under the plain language of section 21.02, it is the commission of two or more acts of sexual abuse over the specified time period—that is, the pattern of behavior or the series of acts— that is the actus reus element of the offense as to which the jurors must be unanimous in order to convict." *Id*. at 737. "The individual acts of sexual abuse that make up this pattern of behavior or series of acts are not themselves elements of the offense, but are merely evidentiary facts, the manner and means by which the actus reus element is committed." *Id*. "When there is evidence of more than two acts of abuse over the specified time period, section 21.02(d) makes it clear that the jurors need not agree as to which individual acts were committed so long as they agree that the defendant committed at least two." *Id*.

Many courts have considered "whether it is consistent with due process for the legislature to criminalize a pattern of conduct consisting of the commission of two or more sexually abusive offenses over a period of time without requiring the jury to unanimously agree about the individual offenses the defendant committed." *Id*.; *see also Fulmer*, 401 S.W.3d at 310; *Casey*, 349 S.W.3d at 829-30; *Render*, 316 S.W.3d at 857-58. Those courts have concluded that "section 21.02 does not violate due process by permitting a conviction based on a jury's unanimous finding that the defendant engaged in a course of conduct consisting of repeated acts of sexual abuse, but without requiring jury unanimity as to the individual acts that make up that course of conduct." *Jacobsen*, 325 S.W.3d at 739; *see also Fulmer*, 401 S.W.3d at 310; *Casey*, 349 S.W.3d at 829-30; *Render*, 316 S.W.3d at 857-58. Because the jury is required under section 21.02(d) "to unanimously find that [the defendant] committed two or more of the alleged acts of sexual abuse, his right to a unanimous jury verdict [would] not [be] violated." *Jacobsen*, 325 S.W.3d at 739. Accordingly, the provisions of subsection (d) do not lower the burden of proof—Sandoval's right to a unanimous jury verdict is not violated. *See id*. Under this analysis, Sandoval's procedural due process argument fails. Accordingly, we hold that Sandoval has not met his burden to show his procedural due process rights have been violated. *See Ex parte Montgomery*, 894 S.W.2d at 327.

The trial court's order denying Sandoval's pretrial application for writ of habeas corpus is affirmed.

Liza A. Rodriguez, Justice

DO NOT PUBLISH