**Modified and Affirmed and Opinion Filed June 14, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00193-CR**

**JAMES SHELLY TAYLOR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F1830705**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Nowell

A jury found appellant James Shelly Taylor guilty of continuous sexual abuse

of a child and sentenced him to seventy-five years' imprisonment. In a single issue,

he argues the trial court's failure to properly charge the jury on the law applicable to

the case caused egregious harm. The State raises a separate cross-point seeking

modification of the judgment to reflect the correct date of appellant's sentence. As

modified, we affirm the trial court's judgment. Because appellant has not challenged

the sufficiency of the evidence, we include only those facts necessary for disposition

of this appeal and issue this memorandum opinion. *See* TEX. RS. APP. P. 47.1, 47.4.

# Jury Charge Error

Appellant argues the trial court erred by failing to include the statutory definitions for the predicate offenses of sexual assault of a child, aggravated sexual assault of a child, and indecency with a child in the abstract portion of the jury charge. The State responds the trial court did not err by omitting the definitions; however, even if the trial court erred, appellant was not egregiously harmed.

*A. Standard of Review and Applicable Law*

We review an alleged jury charge error in a two-step analysis. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). First, we determine if the charge is erroneous. *Id.* If error exists, we must then decide whether appellant was harmed by the erroneous charge. *Id.*; *see also Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013). Here, appellant did not object to the charge; therefore, if the charge was erroneous, then the record must show appellant was egregiously harmed by the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Alcoser*, 663 S.W.3d at 165. A finding of egregious harm must be based on "actual harm rather than theoretical" and is a difficult standard to meet. *Alcoser*, 663 S.W.3d at 165.

"[T]he jury is the exclusive judge of the facts," but the trial court submits a charge to the jury "distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. arts. 36.13, 36.14. The charge is meant to inform the jury of the

applicable law and how to apply it to the facts of the case. *Alcoser*, 663 S.W.3d at 165–66; *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007).

Abstract paragraphs "serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge," and application paragraphs apply the "pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations." *Id.* at 166; *see also Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012). It is the application paragraph of the charge, not the abstract portion, that authorizes a conviction. *Id.* Thus, the application paragraph is considered the "heart and soul" of the jury charge. *Vasquez v. State*, 389 S.W.3d 361, 367 (Tex. Crim. App. 2012). Reversible error in the "failure to give an abstract instruction is reversible only when such an instruction is necessary to a correct or complete understanding of concepts or terms in the application part of the charge." *Alcoser*, 663 S.W.3d at 165 (quoting *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997) (en banc)).

*B. Discussion*

A person commits the offense of continuous sexual abuse of a young child "if, (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim

is: (A) a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense."  TEX. PENAL CODE ANN. § 21.02(b)(2)(A).  For purposes of this section, and relevant to this appeal, an "act of sexual abuse" means any act that is a violation of one or more of the following penal laws: (1) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child; and (2) aggravated sexual assault under Section 22.021. *Id.* § 21.02(c)(2), (4).

The indictment alleged that appellant, during a period of thirty days or more in duration, while appellant was older than 17 years of age and complainant was younger than 14 years of age, committed two or more acts of sexual abuse by:

(1) the contact of complainant's female sexual organ by appellant's sexual organ;

(2) the penetration of complainant's female sexual organ by appellant's finger;

(3) the contact and penetration of complainant's anus by appellant's sexual organ;

(4) the contact of complainant's sexual organ with appellant's mouth;

(5) the contact between complainant's hand and appellant's genitals with the intent to arouse and gratify the sexual desire of appellant;

(6) the contact between appellant's hand and complainant's genitals with the intent to arouse and gratify the sexual desire of appellant; and

(7) the contact between appellant's genitals and complainant's buttocks with the intent to arouse and gratify the sexual desire of appellant.

–4–

*See* TEX. PENAL CODE ANN. §§ 22.021(a), 22.11(a)(1).

The abstract portion of the jury charge tracked the language of section 21.02.[1] The charge then defined "act of sexual abuse" as "any act that constitutes sexual assault of a child, aggravated sexual assault of a child, or indecency with a child by contact other than contact with the breast of a child."

The application paragraph of the charge read as follows:

> Now, bearing in mind the foregoing instructions, if you unanimously find from the evidence beyond a reasonable doubt that the defendant, James Shelly Taylor, on or about the March 3, 2018, in the County of Dallas and State of Texas, did unlawfully then and there, during a period that was 30 days or more in duration, when the defendant was 17 years of age or older, intentionally or knowingly commits two or more acts of sexual abuse against [Complainant], a child younger than 14 years of age, hereinafter called complainant, namely by the contact of the complainant's female sexual organ by the Defendant's sexual organ or by the penetration of the complainant's female sexual organ by the Defendant's finger or by the contact and penetration of the complainant's anus by the Defendant's sexual organ or by contact between the mouth of the Defendant and the sexual organ of the complainant or by the contact between the hand of the complainant and the genitals of the Defendant with the intent to arouse and gratify the sexual desire of the Defendant or by the contact between the hand of the Defendant and the genitals of the complainant with the intent to arouse and gratify the sexual desire of the Defendant or by the

---

[1] It stated:

1) Applicable Law

A person commits the offense of Continuous Sexual Abuse of a Child if, during a period that is 30 or more days in duration, he commits two or more acts of sexual abuse and, at the time of the commission of each of the acts of sexual abuse, he is 17 years of age or older and the victim is a child younger than 14 years of age, regardless of whether he knows the age of the victim at the time of the offense. Members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed, but must agree unanimously that the defendant, during a period that was 30 days or more in duration, committed two or more acts of sexual abuse.

–5–

contact between the genitals of the Defendant and the buttocks of the complainant with the intent to arouse and gratify the sexual desire of the Defendant, then you will find the Defendant guilty of the offense of Continuous Sexual Abuse of a Child, as charged in the indictment.

Appellant argues the trial court was obligated to instruct the jury on the "law applicable to the case," which necessarily included the statutory definitions of sexual assault of a child, aggravated sexual assault of a child, and indecency with a child. The State responds the definitions were unnecessary because the jury was not asked to determine whether the specific manner and means alleged constituted acts of sexual abuse under the continuous sexual abuse statute; rather, the abstract correctly stated the elements the State had to prove to convict under the relevant statute. The State contends the "definitions of the predicate offenses were unnecessary for the jury to make the determination they were tasked with making."

Neither party cited to any case in which a court determined it was error when the abstract portion of the jury charge omitted the definitions of the predicate offenses for continuous sexual abuse of a child. However, after the parties filed their briefs, the Fourteenth District Court of Appeals concluded error occurred under similar circumstances in *Johnson v. State*, No. 14-21-00597-CR, 2023 WL 2029099, at *3 (Tex. App.—Houston [14th Dist.] Feb. 16, 2023, pet. ref'd) (mem. op., not designated for publication). In that case, the charge asked the jury whether appellant was guilty beyond a reasonable doubt of the offense of continuous sexual abuse of a child. *Id.* at *2. The charge defined "act of sexual abuse" as "any act that is a violation of the penal law of aggravated sexual assault of a child or indecency with

–6–

a child by contact." *Id.* The charge then defined aggravated sexual assault of a child, but not indecency with a child by contact. *Id.* at *3. The court concluded the penal code definition of "indecency with a child by contact" was "law applicable to the case" and should have been included in the charge because the jury needed to understand what "indecency with a child by contact" meant before it could determine whether the defendant had committed the offense. *Id.* Thus, the charge was erroneous because it failed to properly instruct the jury. *Id.*

Similar to *Johnson*, the charge here did not define the three predicate sexual abuse offenses. Statutory definitions that affect the meaning of an element of the offense should be communicated to the jury. *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009); *see also Fields v. State*, No. 01-20-00280-CR, 2022 WL 3268525, at *7 (Tex. App.—Houston [1st Dist.] Aug. 11, 2022, pet. ref'd) (not designated for publication) (concluding omission of underlying elements of felony in abstract portion of charge was error because "[w]ithout the elements being included in the court's charge, there is no legal basis from which the jury could conclude that a conspiracy to engage in the conduct that makes up the statutory offense has occurred"). Thus, the trial court erred by omitting the definitions of sexual assault of a child, aggravated sexual assault of a child, and indecency with a child in the abstract portion of the jury charge.

In reaching this conclusion, we recognize courts have repeatedly held the individual acts of sexual abuse listed in the continuous sexual abuse statute are not

elements of the offense, but rather "the manner and means by which the actus reus element is committed." *Barnes v. State*, No. 08-20-00022-CR, 2022 WL 1446840, at \*3 (Tex. App.—El Paso May 6, 2022, no pet.) (not designated for publication) (quoting *Jacobsen v. State*, 325 S.W.3d 733, 737 (Tex. App.—Austin 2010, no pet.)). However, definitions that affect the meaning of an element of the offense should be communicated to the jury. *See Villarreal*, 286 S.W.3d at 329; *see also Fields*, 2022 WL 3268525, at \*7. For a jury to understand the "act of sexual abuse" element of continuous sexual abuse, the jury must necessarily be given the definition of the alleged underlying act, i.e., the statutory definition of sexual assault of a child, aggravated sexual assault of a child, or indecency with a child by contact. Having concluded the trial court erred, we must now determine whether appellant was egregiously harmed by the error.

The jury is presumed to have understood and followed the court's charge, absent evidence to the contrary. *Blanco-Lazo v. State*, No. 05-15-01166-CR, 2016 WL 7438757, at \*10 (Tex. App.—Dallas Dec. 27, 2016, no pet.) (mem. op., not designated for publication). In the instant case, the application paragraph tracked the language of the indictment and properly directed the jury to the acts of sexual abuse authorized by the indictment. "Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Id.* at \*10; *see also Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) (en banc). The application paragraph provided a "complete map" to the jury of "each step necessary

to convict." *Whitington v. State*, No. 08-13-00102-CR, 2015 WL 3653326, at *9 (Tex. App.—El Paso Apr. 24, 2015, no pet.) (not designated for publication). Thus, despite any deficiency in the abstract paragraph, the "heart and soul" of the charge was correct and intact. *Vasquez*, 389 S.W.3d at 367 (noting application paragraph is the "heart and soul" of the charge because it applies the pertinent penal law, abstract definitions, and legal principles to the relevant facts); *Guadalupeangeles v. State*, No. 05-22-00276-CR, 2023 WL 2534698, at *5 (Tex. App.—Dallas Mar. 16, 2023, no pet.).

Although our analysis may stop here, we note that the state of the evidence also cuts against egregious harm. *See, e.g.*, *Flores v. State*, No. 08-18-00065-CR, 2019 WL 7288736, at *8 (Tex. App.—El Paso Dec. 30, 2019, no pet.) (not designated for publication) (considering state of the evidence in harm analysis despite acknowledging egregious harm analysis could end with concluding any error in abstract cured by application paragraph). Appellant did not contest the specific sexual acts alleged, and the jury heard extensive, graphic testimony regarding the sexual abuse appellant committed against complainant. Appellant's defensive theory at trial was that complainant was lying, or alternatively, sexually abused by another family member. The jury rejected his theory. When, as here, the evidence is overwhelming, it is "less likely the jury was influenced by an erroneous jury instruction than by the weight of the probative evidence itself." *Guadalupeangeles*,

2023 WL 2534698 at *6.  The record does not establish that appellant was egregiously harmed by any error in the jury charge.  We overrule his sole issue.

## Modification of the Judgment

In a cross-point, the State requests we modify the judgment to reflect the correct date the trial court imposed his sentence.  The judgment lists "3/6/2022" in the "Date Sentence Imposed" field; however, the reporter's record indicates the trial court imposed his sentence on March 7, 2022.  Further, the "Judgment Certificate of Thumbprint" taken "at the time of disposition" in the Clerk's Record is dated March 7, 2022.

We have the power to modify a judgment to speak the truth when we have the necessary information to do so.  TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).  The record supports the requested modification; therefore, we agree with the State that the judgment should be corrected.  *See Gerth v. State*, No. 05-19-01151-CR, 2020 WL 6482017, at *1–2 (Tex. App.—Dallas Nov. 4, 2020, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to correct date sentence imposed).  Accordingly, we sustain the State's cross-point and modify the judgment to reflect the "Date Sentence Imposed" is "3/7/2022."

## Conclusion

As modified, we affirm the trial court's judgment.

220193f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAMES SHELLY TAYLOR,
Appellant

No. 05-22-00193-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F1830705.
Opinion delivered by Justice Nowell.
Justices Goldstein and Breedlove
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under "Date Sentence Imposed," we **REMOVE** "3/6/2022" and **REPLACE** with "03/7/2022."

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of June, 2023.