

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00272-CR

TOMMY VILLAREAL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 66th District Court
Hill County, Texas
Trial Court No. 38,366

## OPINION

Tommy Villareal was convicted of one count of continuous sexual abuse of a young child, two counts of indecency with a child by contact, and one count of sexual assault of a child and sentenced to 30 years, 5 years, 2 years, and 5 years, respectively, in prison. *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11(a)(1), 22.011(2)(A). Because Villareal's complaints regarding the admission of evidence from his cell phone and the admission of printouts of screenshots of texts into evidence were not preserved and because the continuous sexual abuse of a young child statute is not unconstitutionally vague, the trial

court's judgment is affirmed.

## CONSTITUTIONALITY OF SECTION 21.02

Because of the importance of Villareal's third issue, we review this issue first. In this issue, Villareal contends section 21.02 of the Texas Penal Code is unconstitutionally vague as applied to him because the statute's language permits the State to allege in an indictment insufficient specific facts as to the occurrence of a series of abuse, and therefore deprives the defendant of the ability to prepare an adequate defense. In other words, the statute is vague because it allows a conviction on an insufficient indictment.[1]

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Wagner v. State*, 539 S.W.3d 298, 313 (Tex. Crim. App. 2018). A statute satisfies vagueness requirements if the statutory language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. *Id*. at 314.

An indictment is generally sufficient as long as it tracks the language of a penal statute that itself satisfies the constitutional requirement of notice. *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007). To determine whether the defendant had notice adequate to prepare his defense, we must first determine whether the charging instrument failed to provide all the requisites of "notice." *Olurebi v. State*, 870 S.W.2d 58, 61 (Tex. Crim. App. 1994) (citing *Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App.

---

[1] Villareal's argument on appeal is primarily about the sufficiency of notice provided by the indictment necessary to prepare a defense. We note that a motion to quash the indictment was not filed. Nevertheless, we will give the issue as presented a broader reading as is necessary to generally attack the statute as being unconstitutionally vague.

1986).  If the indictment gave sufficient notice, our inquiry ends.  *Id*.

Villareal contends the indictment gave insufficient notice of the manner and means by which he had allegedly committed the offense.  The indictment in this case tracks the applicable statutory language by alleging each element of the offense of continuous sexual abuse of a child as set forth in the Penal Code.  *See* TEX. PENAL CODE ANN. § 21.02(b).  The indictment further alleges the different means by which Villareal was alleged to have committed the offense.  Specifically, the indictment alleged that Villareal:

> did then and there with the intent to arouse or gratify the sexual desire of said defendant engage in sexual contact with [victim] by touching the genitals of [victim], and/or did then and there intentionally or knowingly cause the penetration of the sexual organ of [victim] with the defendant's sexual organ and/or the defendant's finger, and/or did then and there with the intent to arouse or gratify the sexual desire of said defendant cause [victim] to touch the genitals of the defendant.

Each act listed constitutes an "act of sexual abuse" under the statute.  *See* TEX. PENAL CODE ANN. § 21.02(c)(2).  Thus, the manner and means alleged by the indictment is sufficient.  *See Pollock v. State*, 405 S.W.3d 396, 403-404 (Tex. App.—Fort Worth 2013, no pet) (similar manner and means alleged in indictment sufficient).

Villareal also contends the indictment gave insufficient notice of the specific dates of the instances of abuse over the alleged period that was 30 or more days.  Section 21.02 of the Texas Penal Code creates a single element of a series of acts of sexual abuse which requires two or more factually separate acts of sexual abuse.  *See Jacobsen v. State*, 325 S.W.3d 733, 737 (Tex. App.—Austin 2010, no pet.); *Render v. State*, 316 S.W.3d 846, 858 (Tex. App.—Dallas 2010, pet. ref'd.).  The statute does not make each act of sexual abuse

a separate element of the offense. *Render*, 316 S.W.3d at 858. Rather, each act of sexual abuse is merely an evidentiary fact, *i.e.*, a manner and means, of the series of acts of sexual abuse which constitute the single element. *Jacobsen*, 325 S.W.3d at 737. An indictment that tracks the language of the statute need not allege facts that are merely evidentiary in nature. *See Livingston v. State*, 739 S.W.2d 311, 321 (Tex. Crim. App. 1987). Thus, because the indictment tracts the language of section 21.02 and each act of sexual abuse alleged in the indictment is an evidentiary fact, the specific dates of the acts are also evidentiary in nature, and the State was not required to allege specific dates in the indictment. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *Pollock v. State*, 405 S.W.3d 396, 404 (Tex. App.—Fort Worth 2013, no pet). *See also Davis v. State*, No. 10-12-00025-CR, 2012 Tex. App. LEXIS 10578, *5-6 (Tex. App.—Waco Dec. 20, 2012, pet. ref'd) (not designated for publication).

Accordingly, because the indictment properly alleged the manner and means by which Villareal had committed the offense and the specific dates of the occurrences of abuse were not required to be alleged, the indictment is sufficient notice of the offense to prepare a defense. Villareal argued that the statute was vague because the indictment was insufficient. For the reasons stated, the statute is not unconstitutionally vague as applied to Villareal.

Villareal also asserts on appeal that the statute is unconstitutional as applied because, when an offense under section 21.02 is alleged with offenses such as indecency with a child and sexual assault, as it was in this case, which are the definitions of sexual abuse under section 21.02(c), and all those offenses are alleged with "on or about"

language, the statute "opens up double jeopardy issues" by allowing the State to use the same conduct to prove both the indecency or sexual assault offenses and one of the acts of sexual abuse which is part of the series of acts element in the section 21.02 offense.

"As applied" constitutional claims are subject to the preservation requirement and therefore must be objected to at the trial court in order to preserve error. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014). And while no "hyper-technical or formalistic use of words or phrases" is required in order for an objection to preserve an error, the objecting party must still "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Villareal never complained to the trial court that the statute was unconstitutional as applied to him because the statute or the wording of the indictment implicated violations of the double jeopardy clause. Thus, this portion of his argument on appeal in his third issue does not comport with his complaint made at trial and has not been preserved for our review. *See Reynolds*, 423 S.W.3d at 383 (Tex. Crim. App. 2014). *See also Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).

Villareal's third issue is overruled.

### UNPRESERVED ISSUES

In his first issue, Villareal contends that, because his cell phone was seized without a warrant and information obtained by a physical examination of the phone was then

used to obtain a search warrant to search its content, all evidence obtained from his cell phone should have been suppressed. Thus, his argument continues, the trial court erred in denying Villareal's motion to suppress. This complaint, however, is not the same complaint made at the motion to suppress hearing. At the hearing, the trial court asked Villareal whether his complaint was to the cell phone itself or to what was obtained as a result of the search warrant for the contents of the cell phone. Villareal replied that he was "focused solely on the seizure of the cell phone as being unlawful."

Error is not properly preserved when the contention urged on appeal does not comport with the specific complaint made in the trial court. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). An objection stating one legal basis may not be used to support a different legal theory on appeal. *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). Therefore, Villareal's complaint on appeal that the trial court erred in denying Villareal's motion to suppress as to the content seized from Villareal's cell phone for which a search warrant was obtained does not comport with the complaint at trial that the cell phone was unlawfully seized and thus, has not been preserved for our review.

Villareal's first issue is overruled.

In his second issue, Villareal contends the trial court abused its discretion in allowing the introduction of duplicate "screen-shot"[2] images of text messages in lieu of the original text messages. He contends on appeal that it was "manifestly unfair to admit

---

[2] For purpose of this case, a screenshot is a picture taken by a cell phone of what was on the cell phone's screen.

the duplicate screen-shots in lieu of the originals…"and that "[t]he purported text messages were destroyed by [the victim] and are unavailable …."  In support of this argument, Villareal cites to the rules of evidence regarding the "best evidence."  *See* TEX. R. EVID. 1001 et seq.  At trial, Villareal never contended the original text messages from the victim's cell phone should have been admitted rather than the "duplicate" screenshot images of the text messages which were taken from the victim's cell phone.  In other words, Villareal did not make a "best evidence" objection under Article X of the Texas Rules of Evidence regarding the admission of copies or duplicates.  *See* TEX. R. EVID. 1001 et seq.  Rather, his objection at trial was that "there's nothing on the screenshots that would indicate that they came from my client's phone,…," an objection under Article IX regarding authentication.  *See* TEX. R. EVID. 901 et seq.  Again, Villareal's argument on appeal does not comport with the argument made at trial, and thus, has not been preserved for our review.  *See Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).

Villareal's second issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed October 16, 2019
Publish
[CRPM]

